**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JOSEFA LEON-LEON; MARIA LEON-LEON,

             Petitioners,

  v.

MERRICK B. GARLAND, Attorney General,

             Respondent.

No. 22-1295

Agency Nos.
A216-167-833
A216-167-842

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023[**]
San Francisco, California

Before: SILER, NGUYEN, and R. NELSON, Circuit Judges.[***]

Petitioner Josefa Leon-Leon ("Josefa") and her minor daughter Maria Leon-

Leon, petition for review of an order of the Board of Immigration Appeals ("BIA")

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

affirming an order denying their petition for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Josefa argues that the brief kidnapping of two members of her extended family entitles her to stay in the United States. We disagree and deny the petition for review.

Josefa argues that the agency erred when it denied her petition for asylum, withholding of removal, and CAT protection. We review the BIA's judgment under the substantial evidence standard, and "the agency's findings of fact are considered conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (emphasis in original) (quotations omitted). Questions of law are reviewed de novo. *Id*.

1.      To qualify for asylum, Josefa must establish that she is unwilling or unable to return to Guatemala due to past "persecution or a well-founded fear of persecution" based on a protected category. 8 U.S.C. § 1101(a)(42); *Id*. § 1158(b)(1)(A). To qualify for withholding of removal, she must show a "clear probability" of such persecution. *Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003); *see also* 8 U.S.C. § 1231(b)(3)(A).

Substantial evidence supports the agency's finding that Josefa failed to show that the harms she suffered were in fact past "persecution" under either the asylum or withholding standard. She testified that her brother was kidnapped in Mexico and

2

the authorities did not investigate the matter because the family could not afford to hire the professional help necessary to file a report. On another occasion, when her partner's cousin was kidnapped in Guatemala and held for three hours, the government was alerted, investigated the matter, and arrested the perpetrator. "[A]lthough harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution, it must be part of a pattern of persecution closely tied to" Josefa herself. *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (cleaned up). Because Josefa did not establish that the kidnappings were closely tied to her, the agency's determination that Josefa suffered no past persecution is supported by substantial evidence. Josefa does not separately claim fear of future persecution. *See id*. at 1065 (a petitioner who cannot show past persecution may be eligible for relief upon showing future persecution).

2.      Petitioners also allege error by the agency in denying CAT protection. To obtain CAT protection, Josefa must establish that it is "more likely than not" that she would be tortured if returned to Guatemala. 8 C.F.R. 1208.16(c)(2).

The agency found that because Josefa had not been tortured in the past and could relocate within the country, she did not qualify for CAT protection. Josefa argues that Guatemala has a "long history of discrimination against persons such as [Josefa]," and therefore she is entitled to CAT protection. But the fact that Guatemala struggles to suppress crime within its borders does not mean that Josefa

3

has suffered torture—or will suffer torture—upon return there. Therefore, the agency's decision is supported by substantial evidence and should not be disturbed.

The petition is DENIED.